**CALLISON, Treasurer, Appellee,**

v.

**HUELSMAN et al., Appellants.**

[Cite as *Callison v. Huelsman,* 168 Ohio App.3d 471, 2006-Ohio-4395.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 05CA–29.

Decided Aug. 25, 2006.

Anthony E. Kendell, Miami County Assistant Prosecuting Attorney, for appellee.

Conran L. Huelsman, Janet Huelsman, and Edward B. Huelsman, for appellants.

GRADY, Presiding Judge.

{¶ 1} This is an appeal from a final judgment for foreclosure and order of sale of real property.

{¶ 2} Defendants-appellants, Conran and Janet Huelsman, own the real property located at 7290 South Peters Road in Tipp City. Defendants paid taxes on the real property in 2000 and 2001, but have not paid real property taxes since. On January 19, 2005, plaintiff-appellee, Lydia Callison, Treasurer of Miami

County, commenced an action against defendants for foreclosure of liens outstanding on the property for delinquent real estate taxes. Defendants filed an answer and affirmative defense based on a notice of declaration of land patent published in a local newspaper.

{¶ 3} On May 26, 2005, defendants filed a motion to dismiss the foreclosure action based on the lack of a contract and a reservation of rights pursuant to the Uniform Commercial Code. The trial court overruled defendants' motion. Defendants filed a motion for summary judgment on July 5, 2005, but their motion was overruled as untimely because the June 10, 2005 deadline the court had set for filing motions for summary judgment had passed.

{¶ 4} A trial was held on July 21, 2005. The trial court, on July 26, 2005, issued a decision finding that plaintiff had a good and first lien on defendants' real property. In addition, the trial court stated that a judgment of foreclosure and order of sale would issue. Defendants filed a notice of appeal on August 5, 2005. The trial court entered its judgment entry and order of sale on November 14, 2005. Pursuant to App.R. 4(C), we shall treat defendants' August 5, 2005 notice of appeal as having been filed immediately after the November 14, 2005 final judgment and order.

## ASSIGNMENTS OF ERROR

{¶ 5} Contrary to the requirements of App.R. 12(A) and 16(A), defendants have failed to identify assignments of error for this court to review. Moreover, defendants' appellate brief is largely a recitation of incomplete thoughts and citations. We will not scour the record looking for every possible error that may have occurred in the trial court proceeding. Rather, we will address the three general arguments raised in defendants' brief.

{¶ 6} First, defendants argue that the trial court lacked subject-matter jurisdiction to grant the relief requested because defendants did not contract with or request a privilege from the state of Ohio. This argument is misplaced. The power to tax does not come from a contract. "It is elementary that the power and right to tax, for any reason, rest with the government, whether that government be federal, state, or municipal in character. The power and right to tax give rise to the power and right to collect and police that tax." *S.S. Kresge Co. v. Bowers* (1965), 2 Ohio St.2d 113, 116, 206 N.E.2d 905.

{¶ 7} The foundation of the state's taxing authority is in Section 1, Article II, of the Ohio Constitution, which confers general legislative power upon the General Assembly. *Haefner v. Youngstown* (1946), 147 Ohio St. 58, 68 N.E.2d 64. R.C. 5709.01(A) provides: "All real property in this state is subject to taxation, except only such as is expressly exempted therefrom." R.C. 323.12(A) requires

that "[e]ach person charged with taxes shall pay to the county treasurer the full amount of such taxes on or before the thirty-first day of December * * *." R.C. 323.121 provides for penalties if payments are untimely.

{¶ 8} Section 4(B), Article IV, of the Ohio Constitution provides that the courts of common pleas shall have "original jurisdiction over all justiciable matters * * * as may be provided by law." R.C. 2305.01 confers on the courts of common pleas original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts. Further, once tax payments are untimely, R.C. 323.25 provides that the county treasurer shall enforce a resulting lien for real property taxes owed in a civil action for the sale of such property, in the court of common pleas and in the same way in which mortgage liens are enforced. Consequently, the trial court had subject-matter jurisdiction to hear and determine the claims for relief in plaintiff's action.

{¶ 9} Second, defendants argue that they should not have to pay real property taxes because their land is protected by a federal land patent. They cite no relevant authority for this proposition. The Tenth District Court of Appeals rejected similar arguments in *Jokinen v. Lake Cty. Bd. of Revision* (Feb. 25, 1988), Franklin App. No. 87AP–713, 1988 WL 24438. In *Jokinen*, the Board of Tax Appeals affirmed a decision of the Lake County Board of Revision that had ordered a decrease in the valuation of the appellant's property. On appeal, the appellant argued that the Board of Tax Appeals lacked jurisdiction because his property was protected by a federal land patent and that his property was not subject to taxation because he did not agree to be taxed by the state of Ohio.

{¶ 10} Rejecting the appellant's arguments, the Tenth District held: "The general grant of legislative power in Section 1, Article II, of the Ohio Constitution clearly includes the right to impose taxes. Pursuant to the state's inherent taxing power, the legislature passed R.C. 5709.01(A), which provides '[a]ll real property in the state is subject to taxation, except only such as is expressly exempted therefrom.' There is no exemption from real estate taxes simply because the property sought to be taxed is located in an area which was once subject to a land grant from the United States to the state of Connecticut as part of its western reserve lands. Appellant, by virtue of owning property located in the state of Ohio, is subject to taxes passed pursuant to R.C. 5709.01." Id. We agree with *Jokinen* that a federal land patent does not excuse a real property owner's legal obligation to pay taxes.

{¶ 11} Finally, defendants cite sections 1–103 and 1–207 of the Uniform Commercial Code as additional authority excusing their failure to pay real property taxes. These provisions of the Uniform Commercial Code have been adopted by the General Assembly and are contained in R.C. 1301.03 and 1301.13. However, the Uniform Commercial Code, as adopted by the General Assembly,

applies to commercial transactions, not to governmental actions that impose a duty to pay real property taxes. Consequently, these provisions are irrelevant to the present matter and do not support defendants' decision to stop paying real property taxes.

{¶ 12} The error assigned is overruled. The judgment of the trial court will be affirmed.

Judgment affirmed.

FAIN and DONOVAN, JJ., concur.