OPINION
{¶ 1} Defendant, Jermaine Coleman, was convicted on his guilty pleas of two second degree felonies involving endangering children which resulted in serious physical harm. R.C.2919.22(B)(1), (E)(2)(d). Second degree felonies are punishable by terms of imprisonment ranging from two to eight years. R.C.2929.14(A)(2). The trial court sentenced Defendant to concurrent prison terms of seven years on each charge.
 {¶ 2} Defendant has timely appealed to this court, challenging only the court's imposition of a greater than minimum sentence.
ASSIGNMENT OF ERROR
 {¶ 3} "THE TRIAL COURT ERRED IN IMPOSING A GREATER THAN MINIMUM SENTENCE IN VIOLATION OF APPELLANT'S RIGHT TO A JURY TRIAL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 4} Relying on Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, Defendant argues that hisSixth Amendment right to a jury trial was violated when the trial court imposed a greater than minimum sentence based upon facts found by the court pursuant to R.C. 2929.14(B)(2) that were neither found by a jury nor admitted by Defendant.
 {¶ 5} R.C. 2929.14(B) provides that if the trial court imposes a prison term for a felony offense, "the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless * * * (2) [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 6} The seven year sentences the court imposed on each charge exceed the two year minimum for second degree felonies authorized by R.C. 2929.14(A)(2). The court justified its upward deviation from those minimums on a finding it made pursuant to R.C. 2929.14(B)(2), that the minimum sentence of two years would demean the seriousness of Defendant's offense.
 {¶ 7} After the parties filed their respective briefs in this appeal, the Ohio Supreme Court held in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, that R.C. 2929.14(B) violates a defendant's Sixth Amendment rights per Blakely v. Washington,supra, because a jury verdict alone does not determine the sentence. Id., at ¶ 61. Therefore, a sentence imposed on an R.C. 2929.14(B) finding by the trial court is unconstitutional.Id., ¶ 97. Reversal and resentencing within the available statutory range is required in any case in which such a sentence was imposed and that was pending on direct review when Foster
was decided. Id. at ¶ 104; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855. Per Foster, trial courts now have full discretion to impose any sentence within the applicable statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. Id., at ¶ 100; Mathis, supra.
 {¶ 8} Defendant's notice of appeal was filed on June 16, 2005. Foster was decided on February 27, 2006. Therefore, Defendant's case was pending on direct review when Foster was decided and reversal for resentencing is mandated.
 {¶ 9} The assignment of error is sustained. Defendant's sentences will be reversed and vacated, and the case remanded for resentencing within the applicable statutory range established by R.C. 2929.14(A)(2), per Foster.
Fain, J. And Donovan, J., concur.