[Cite as *Sullivan v. Monument Homes Inc.*, 2020-Ohio-2846.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Cheryl Brooks Sullivan, Treasurer, Franklin County, Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | No. 19AP-814 |
| Monument Homes Inc. et al., | | (C.P.C. No. 19CV-289) |
| | : | |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| | : | |
| (Michael J. Young, | : | |
| | : | |
| Defendant-Appellant). | : | |
| | : | |

D E C I S I O N

Rendered on May 7, 2020

**On brief:** *Michael J. Young*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *William Stehle*, for appellee Cheryl Brooks Sullivan.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM

{¶ 1} Defendant-appellant, Michael J. Young, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Cheryl Brooks Sullivan, Franklin County Treasurer ("the treasurer"). For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On January 11, 2019, the treasurer filed a complaint, pursuant to R.C. 5721.18(A) and 323.25, seeking foreclosure on a lien of the State of Ohio for delinquent

taxes, assessment, and penalties. The complaint alleges that Monument Homes Inc. acquired title to seven separate parcels of real property in Franklin County, Ohio, by separate warranty deeds filed January 3, 1992.[1] The complaint further alleges that on March 13, 2012, the Franklin County Auditor, pursuant to the provisions of R.C. 5721.13, filed with the prosecuting attorney of Franklin County, Ohio, a delinquent land tax certificate concerning the seven parcels in the total amount of $11,977.66, together with unpaid interest and penalties. Pursuant to R.C. 5721.18 and 323.26, the complaint seeks a declaration that the sums owed to be a first lien in favor of the State of Ohio on the subject real property and, unless paid within a reasonable time, an order that the premises be sold by the sheriff of Franklin County, Ohio, in the manner provided by law for sale of real estate on execution.

{¶ 3} On February 8, 2019, Young filed a proposed answer to the complaint and a motion to intervene in the action as a defendant claiming that he "was granted title to the said real estate on January 24, 2019 per a deed filed of record at the Franklin County Recorder's Office, Franklin County, Ohio, and being Instrument Number 201901240009559." (Mot. to Intervene at 2.) On February 22, 2019, the trial court granted Young's unopposed motion to intervene. In his answer to the complaint, Young denied that the county auditor had any legal right to assess real estate taxes on his property, that the State of Ohio did not have a valid lien on his real property, and that the prosecuting attorney had no legal right to file, on behalf of the treasurer, an action seeking foreclosure against his real property and order of sale.

{¶ 4} On September 26, 2019, the treasurer filed a motion for summary judgment. The treasurer submitted the affidavit of Casey W. Tyack in support of the motion. In his affidavit, Tyack avers, in relevant part, as follows:

> 1. I am the Foreclosure Coordinator of the Delinquent Tax Division of the Franklin County Treasurer's Office (the "Treasurer's Office"). My job duties include quoting payoffs and receiving payments associated with judicial sales, assisting tax payers with delinquent tax problems, setting up payment plans and organizing and analyzing delinquent tax and foreclosure data. I am, therefore, authorized to make this affidavit on behalf of the Treasurer's Office.

---

[1]Parcel Numbers 600-148027-00, 600-148028-00, 600-148029-00, 600-148030-00, 600-148031-00, 600-148032-00, and 600-148033-00.

2. The information contained in this affidavit is based on my personal knowledge and the records maintained by the Treasurer's Office.

3. The public records of the Franklin County Treasurer, as maintained in the Tax Duplicate, reflect that taxes are due to Franklin County including * * * $1,890.43 as to Parcel Number 600-148027-00 and $1,742.55 as to Parcel Number 600-148028-00 and $1,742.55 as to Parcel Number 600-148029-00 and $1,890.43 as to Parcel Number 600-148030-00 and $1,742.55 as to Parcel Number 600-148031-00 and $1,742.55 as to Parcel Number 600-148032-00 and $1,742.55 as to Parcel Number 600-148033-00 in the total amount of $12,493.61.

(Ex. 3, attached to Mot. for Summ. Jgmt.)

{¶ 5} The treasurer also submitted with the motion for summary judgment certified copies both of the warranty deeds to the subject parcels and the treasurer's tax bills for each of the subject parcels for the second half of 2018. The warranty deeds evidence Young's ownership interest in each of the subject parcels and the treasurer's tax bills evidence the balance of unpaid real property taxes past due and owing for each of the subject parcels.

{¶ 6} In his memorandum in opposition to the treasurer's motion for summary judgment, Young made the following argument:

All the provisions embodied in the Ohio Revised Code regarding collection of taxes supposedly levied on real estate parcels in counties within the State of Ohio are *without force* * * * as these provisions lack any power because there is NO UNDERLYING AUTHORITY to levy such taxes. There is no authority in the Ohio Constitution or any other provisions of Ohio Government that confers the authority of the State of Ohio and its Counties to levy taxes on real estate parcels and property.

(Emphasis sic.) (Oct. 11, 2019 Memo. Contra at 3.)

{¶ 7} In the November 13, 2019 "Finding of the Court and Order of Sale," the trial court rejected Young's argument stating: "[T]he Court does not find his arguments persuasive. Young alleges that 'Franklin County and the State of Ohio have no legal authority to levy taxes against these described parcels or against any other real estate parcels located in Franklin County.' Young is incorrect; Franklin County has legal authority to collect unpaid taxes. *See* O.R.C. 323.25." (Nov. 13, 2019 Finding of the Court and Order

of Sale at 1.)   Accordingly, the trial court granted the treasurer's motion for summary judgment, declared the treasurer's lien as described in the complaint as the best lien against the premises, and entered judgment for the treasurer in the total amount of $14,034.01. The trial court also ordered the sale of the subject property and payment to the treasurer of any additional taxes, assessments, penalties, charges, and interest accruing prior to sale.

{¶ 8}   Young timely appealed to this court the judgment of the trial court.

## II.  ASSIGNMENTS OF ERROR

{¶ 9}   Young assigns the following as trial court error:

[1.] THE TRIAL COURT DID NOT ADDRESS APPELLANT'S ARGUMENT SET FORTH IN APPELLANT MICHAEL J. YOUNG'S MEMORANDUM CONTRA PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.  AS SET FORTH IN APPELLANT'S REPLY.  AS TO PLAINTIFF'S "STATEMENT OF FACTS", THE COURT DID NOT ADDRESS APPELLANT'S ARGUMENT THAT FRANKLIN COUNTY AND THE STATE OF OHIO HAVE NO LEGAL CONSTITUTIONAL AUTHORITY TO TAX REAL PROPERTY IN OHIO, AND THEREFORE, CANNOT PERFECT A LIEN ON REAL PROPERTY FOR TAXES THAT COUNTIES OR THE STATE HAS NO AUTHORITY TO LEVY UPON. THERE IS NO LEGAL AUTHORIZATION IN THE OHIO CONSTITUTION TO IMPOSE TAXES ON REAL PROPERTY IN OHIO.

[2.] THE TRIAL COURT'S FAILURE TO RECOGNIZE THAT THE OHIO LEGISLATIVE STATUTES CITED IN ITS "FINDING OF THE COURT AND ORDER OF SALE", SPECIFICALLY O.R.C. SECTIONS 323.25 AND 323.47, CANNOT APPLY AS A MECHANISM TO COLLECT TAXES, AS THERE IS NO UNDERLYING CONSTITUTIONAL AUTHORITY IN THE OHIO CONSTITUTION THAT PERMITS THE STATE OF OHIO OR OHIO COUNTIES TO LEVY TAXES AGAINST REAL PROPERTY IN OHIO. SINCE THERE IS NO AUTHORITY TO LEVY SUCH TAXES AGAINST REAL PROPERTY, ALL SECTIONS OF THE OHIO REVISED CODE REGARDING IMPOSITION AND COLLECTION OF SUCH TAXES ARE WITHOUT POWER AND OF NO EFFECT.

[3.] THE TRIAL COURT HAS FAILED TO ADDRESS APPELLANT'S AFFIRMATIVE DEFENSE THAT STATES THAT APPELLANT YOUNG CLAIMS THE DOCTRINE OF SOVEREIGNTY AND DERIVES NO BENEFITS FROM THE TAXATION PURPORTEDLY IMPOSED ON HIS PROPERTY.

(Sic passim.)

## III.  STANDARD OF REVIEW

{¶ 10} We review a summary judgment motion de novo.  *Leonard v. MBB Partnership*, 10th Dist. No. 15AP-956, 2016-Ohio-3534, ¶ 7, citing *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 9.  Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Pursuant to Civ.R. 56(E), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.  Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶ 11} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim."  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  The burden then shifts to the defending party to set forth specific facts showing that there is a genuine issue for trial.  *Id.*  If the defending party does not so respond, summary judgment, if appropriate, may be entered in favor of the party seeking affirmative relief.  *Id.*

## IV.  LEGAL ANALYSIS

### A.  Young's Second Assignment of Error

{¶ 12} Because Young's second assignment of error contains his primary argument on appeal, we will consider it first.  In his second assignment of error, Young claims the provisions of the Ohio Revised Code on which the treasurer relies in support of her right to collect taxes on real property located in Franklin County are completely without force and effect due to the absence of specific language in the Ohio Constitution enabling the Ohio General Assembly to enact such legislation.  Young's argument is without merit.

{¶ 13} "The foundation of the State's taxing authority is in Section 1 of Article II of the Ohio Constitution, which confers general legislative power upon the General

Assembly." *Callison v. Huelsman*, 168 Ohio App.3d 471, 2006-Ohio-4395, ¶ 7 (2d Dist.), citing *Haefner v. Youngstown*, 147 Ohio St. 58 (1946). The Supreme Court of Ohio has stated " '[t]he power to tax is an attribute of sovereignty and in this state is included in the general legislative power which is conferred by Section 1, Article II of the Constitution, upon the general assembly without limitation.' " *Weed v. Franklin Cty. Bd. of Revision*, 53 Ohio St.2d 20, 21 (1978), quoting *Saviers v. Smith*, 101 Ohio St. 132 (1920). Article XII, Section 2 of the Ohio Constitution empowers the General Assembly to determine the subjects and methods of taxation and exemption of real and personal property, limited only by Article I of the Ohio Constitution. *Frederick Bldg. Co. v. Cuyahoga Cty. Bd. of Revision*, 13 Ohio St.2d 59 (1968); *State ex rel. Williams v. Glander*, 148 Ohio St. 188 (1947), *cert. denied*, 332 U.S. 817 (1947).

{¶ 14} The General Assembly has enacted R.C. 5709.01(A) which provides: "All real property in this state is subject to taxation, except only such as is expressly exempted therefrom." The General Assembly has also enacted R.C. 323.12(A), which requires that "[e]ach person charged with taxes shall pay to the county treasurer the full amount of such taxes on or before the thirty-first day of December." "R.C. 323.121 provides for penalties if payments are untimely." *Callison* at ¶ 7.

{¶ 15} The Supreme Court has "acknowledged that, generally, ' "legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality." ' " *GTE North, Inc. v. Zaino*, 96 Ohio St.3d 9, 2002-Ohio-2984, ¶ 21, quoting *MCI Telecommunications Corp. v. Limbach*, 68 Ohio St.3d 195, 199 (1994), quoting *McGowan v. Maryland*, 366 U.S. 420, 425-26 (1961). Furthermore, "[i]t is well settled that the assessment of taxes is fundamentally a legislative responsibility and that a taxpayer challenging the constitutionality of a taxation statute 'must negate every conceivable basis which might support it.' " *GTE North* at ¶ 21, quoting *Lyons v. Limbach*, 40 Ohio St.3d 92, 94 (1988); *Weed* at 21.

{¶ 16} Here, Young's memorandum in opposition to the treasurer's motion for summary judgment simply alleges a lack of underlying constitutional support for the provision of the Ohio Revised Code on which the treasurer relied, without identifying or discussing any specific constitutional provision. Moreover, Article XII, Section 2 of the

Ohio Constitution expressly authorizes property taxes for state and local purposes as follows:

> No property, taxed according to value, shall be so taxed in excess of one per cent of its true value in money for all state and local purposes * * *. Land and improvements thereon shall be taxed by uniform rule according to value * * *. Without limiting the general power, subject to the provisions of Article I of this constitution, to determine the subjects and methods of taxation or exemptions therefrom, general laws may be passed to exempt burying grounds, public school houses, houses used exclusively for public worship, institutions used exclusively for charitable purposes, and public property used exclusively for any public purpose, but all such laws shall be subject to alteration or repeal; and the value of all property so exempted shall, from time to time, be ascertained and published as may be directed by law.

{¶ 17} Though the Supreme Court has acknowledged that Article XII, Section 2 of the Ohio Constitution represents a limitation on the general grant of legislative power, the court has also recognized that Article XII, Section 2 is not self-executing and requires the enactment of laws. *Anderson v. Durr*, 100 Ohio St. 251, 263 (1919) (decided under former analogous section), *aff'd*, 257 U.S. 99 (1921). Young has failed to bring to the attention of this court any provision of the Ohio Revised Code that would exempt him or his real property from the property tax liability imposed by Chapters 5709 and 323. Because Young failed to articulate legal support for his asserted defense, we agree with the trial court's ruling.

{¶ 18} We note that Young argues in his merit brief, for the first time in this case, that Article I, Section 1 of the Ohio Constitution precludes state and local property tax. Article I, Section 1 entitled "[r]ight to freedom and protection of property" provides that "[a]ll men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety." Because Young failed to make this specific argument at trial, he has arguably waived it for purposes of appeal. *Foy v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-723, 2017-Ohio-1065, ¶ 32 ("A party may not change its theory of the case and present new arguments for the first time on appeal."); *Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-732, 2011-Ohio-1607, ¶ 22 (appellant has waived his equitable tolling argument by failing to raise it

before the trial court and may not raise it for the first time on appeal). *See also Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 13; *Freedom Mtge. Corp. v. Groom*, 10th Dist. No. 08AP-761, 2009-Ohio-4482, ¶ 27. Nevertheless, in light of Article XII, Section 2 of the Ohio Constitution, which expressly authorizes state and local property taxes, and the absence of any assertion by Young his property is exempted from taxation by statute, we find no merit in Young's argument. *See State v. Williams*, 88 Ohio St.3d 513 (2000), *cert. denied*, 531 U.S. 902 (2000) (Article I, Section 1 is not self-executing because its language lacks the completeness required to offer meaningful guidance for judicial enforcement.).

{¶ 19} For the foregoing reasons, Young's second assignment of error is overruled.

### B. Young's First Assignment of Error

{¶ 20} In Young's first assignment of error, Young contends the trial court failed to address Young's constitutional argument in opposition to the treasurer's motion for summary judgment. We disagree.

{¶ 21} The trial court rejected Young's argument stating: "[T]he Court does not find his arguments persuasive. Young alleges that 'Franklin County and the State of Ohio have no legal authority to levy taxes against these described parcels or against any other real estate parcels located in Franklin County.' Young is incorrect; Franklin County has legal authority to collect unpaid taxes. *See* O.R.C. 323.25." (Finding of the Court and Order of Sale at 1.) As we noted in overruling Young's second assignment of error, "[i]t is well settled that the assessment of taxes is fundamentally a legislative responsibility and that a taxpayer challenging the constitutionality of a taxation statute 'must negate every conceivable basis which might support it.' " *GTE North*, 2002-Ohio-2984, at ¶ 21, quoting *Lyons*, 40 Ohio St.3d at 94; *Weed*, 53 Ohio St.2d at 21. As we explained in our rejection of Young's second assignment of error, Young's memorandum in opposition to the treasurer's motion for summary judgment simply alleges a lack of underlying constitutional support for the provision of the Ohio Revised Code on which the treasurer relied, without identifying or discussing any specific constitutional provision. Thus, any perceived lack of detail in the trial court's decision is attributable to Young's failure to develop his constitutional argument, rather than a failure on the part of the trial court to address it. Moreover, in the context of a trial court ruling on a motion for summary judgment, a lack of detail in the trial

court's decision does not necessarily evidence a lack of proper consideration. *Priore v. State Farm Fire & Cas. Co.*, 8th Dist. No. 99692, 2014-Ohio-696, ¶ 11. *See also Foxfire Village Condominium Unit Owners' Assn. v. Meyer*, 10th Dist. No. 13AP-986, 2014-Ohio-3339, ¶ 20, citing Civ.R. 52 (stating the findings of fact and conclusions of law required by Civ.R. 52 are unnecessary in a ruling on a Civ.R. 56 motion). In light of Young's failure to assert or develop any particular constitutional basis for his opposition to the treasurer's motion for summary judgment, the trial court was under no obligation to identify and discuss possible arguments Young could have made but did not. Under the circumstances, the trial court properly disposed of Young's arguments in granting the treasurer's motion for summary judgment.

{¶ 22} For the foregoing reasons, Young's first assignment of error is overruled.

### C. Young's Third Assignment of Error

{¶ 23} In Young's third assignment of error, Young contends the trial court erred by failing to specifically address his claim that the "doctrine of sovereignty" represented a complete defense to the treasurer's complaint. (Young's Brief at 12.) We disagree.

{¶ 24} Initially, we note that although Young's answer asserts the "doctrine of sovereignty" as an affirmative defense, Young did not mention the "doctrine of sovereignty" in his memorandum in opposition to the treasurer's motion for summary judgment. In his merit brief in this court, the only asserted legal support for Young's "doctrine of sovereignty" argument is the decision of the Supreme Court of the United States in *Osborn v. The Bank of the United States*, 22 U.S. 738 (1824). In *Osborn*, the Supreme Court of the United States sustained the authority of an Ohio federal circuit court to entertain a suit brought by the Second Bank of the United States to enjoin the collection of a state tax levied against the bank. *Osborn* held that specific language in the bank's charter, which allowed it to "sue and be sued * * * in all State Courts having competent jurisdiction, and in any Circuit Court of the United States," was a congressional grant of federal jurisdiction in all cases to which the bank was a party. *Id.* at 817.[2]

{¶ 25} In our view, the *Osborn* decision provides no support for Young's argument in this case. The holding in *Osborn* that a federally chartered bank may bring suit in federal

---

[2] Though "[a]lmost every aspect of Chief Justice Marshall's opinion [in *Osborn*] has been questioned at one time or another, * * * *Osborn* has not been overruled." *Roche v. Am. Red Cross*, 680 F.Supp. 449, 452 (D.Mass.1988).

court to enjoin the imposition of a state tax because the bank had consented to sue or be sued in any circuit court in the United States does not support Young's claim that his consent is required before the state may impose a tax on his real property located in the state.[3] Moreover, Ohio courts have unanimously rejected similar claims. For example, in *Callison*, the Second District rejected the landowners' claim that a notice of declaration of land patent published in a local newspaper and a reservation of rights filed pursuant to the Uniform Commercial Code exempted them from the obligation to pay tax pursuant to Article II, Section 1 of the Ohio Constitution and R.C. 5709.01(A). Similarly, this court has held defenses to a foreclosure action, based either on "sovereign citizen" or "redemptionist" theories, are without merit. *Wells Fargo Bank, N.A. v. Parrish*, 10th Dist. No. 15AP-243, 2015-Ohio-4045, ¶ 15. *See also U.S. Bank Natl. Assn. v. Martin*, 1st Dist. No. C-170338 (Oct. 5, 2018), *discretionary appeal not allowed*, 154 Ohio St.3d 1482, 2019-Ohio-173 (mortgagor's arguments based on "sovereign citizen" and "redemptionist" theories are frivolous). This and other Ohio courts have also rejected claims by criminal defendants that their purported status as sovereign citizens divest state courts of jurisdiction absent consent. *See, e.g.*, *State v. Gunnell*, 10th Dist. No. 13AP-90, 2013-Ohio-3928, ¶ 6 ("sovereign citizen" arguments have been raised "by pro se litigants, albeit unsuccessfully"); *State v. Few*, 2d Dist. No. 25969, 2015-Ohio-2292, ¶ 6 (rejecting appellant's "sovereign citizen" arguments as "wholly frivolous"); *State v. Farley*, 5th Dist. No. CT2013-0026, 2013-Ohio-5517, ¶ 14 (there is "no legal authority to support" appellant's "sovereign citizen" arguments); *Shaker Heights v. El-Bey,* 8th Dist. No. 105701, 2017-Ohio-9022, ¶ 4 (appellant's status as a "sovereign person" did not absolve him from prosecution).

{¶ 26} Based on the foregoing, we find no legal support for Young's doctrine of sovereignty defense. And, to the extent Young contends he should be exempted from the payment of property tax because he receives no benefit from the state or county in return for sums paid, Young did not raise this argument in the trial court and has waived the argument for purposes of appeal. *Foy*, 2017-Ohio-1065, at ¶ 32; *Moore*, 2011-Ohio-1607, at ¶ 22; *Clifton Care Ctr.*, 2013-Ohio-2742, at ¶ 13; *Groom*, 2009-Ohio-4482, at ¶ 27.

{¶ 27} For the foregoing reasons, Young's third assignment of error is overruled.

---

[3] Young's citation to *McCulloch v. Maryland*, 17 U.S. 316 (1819), is similarly unavailing as that case deals with the federal government's immunity from state taxation inherent in the Supremacy Clause of the United States Constitution.

## V. CONCLUSION

{¶ 28} Having overruled Young's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., BROWN, and DORRIAN, JJ., concur.

_____