[Cite as *Koch v. Murphy*, 2023-Ohio-4828.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

MELISSA KOCH, AS TREASURER OF
WAYNE COUNTY, OHIO

      Appellee

      v.

BRADY MURPHY, et al.

      Appellant

C.A. No.     23AP0011


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2022 CVC-E 000440

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

HENSAL, Presiding Judge.

{¶1} Brady Ray Murphy appeals a judgment of the Wayne County Court of Common Pleas that granted summary judgment to the Wayne County Treasurer on her tax foreclosure action. For the following reasons, this Court affirms.

I.

{¶2} The Treasurer filed a complaint against Mr. Murphy, seeking to foreclose on tax liens that were outstanding on his property. After Mr. Murphy filed an answer, the Treasurer moved for summary judgment. Mr. Murphy opposed the motion, but the trial court granted summary judgment to the Treasurer and ordered the sale of the property. Mr. Murphy has appealed, assigning as error that the judgment was against the manifest weight of the evidence and violated his constitutional and statutory rights.

II.

ASSIGNMENT OF ERROR

APPELLANT'S JUDGMENT FOR FORECLOSURE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIFTH AMENDMENT RIGHT TO LIFE, LIBERTY, AND PROPERTY GRANTED TO MURPHY IN THE UNITED STATES CONSTITUTION AND USC TITLE 18 SECTIONS 241 AND 242.

{¶3}    In his assignment of error, Mr. Murphy argues that the judgment was against the weight of the evidence and violated his rights under the Fifth Amendment to the United States Constitution and the United States Code.  He argues that the property taxes imposed by the State were an improper interference with his property rights.  According to Mr. Murphy, the court could not abrogate those rights, which derived from a land patent.

{¶4}    Mr. Murphy cites *Leading Fighter v. County of Gregory*, 230 N.W.2d 114 (S.D.1975) for the proposition that land patents are only passed between sovereign powers, supporting his argument that his land is outside the power of the State to tax.  What the Supreme Court of South Dakota wrote in *Leading Fighter*, however, is that land patents "are issued only *by* sovereign powers" not between sovereign powers.  (Emphasis added) *Id*. at 116.  The issuance of a land patent does not recognize or bestow sovereignty.

{¶5}    Regarding whether the Treasurer was entitled to summary judgment, Under Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary

materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial[.]" *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} The Tenth and Second District Courts of Appeals have determined that "[t]here is no exemption from real estate taxes simply because the property sought to be taxed is located in an area which was once subject to a land grant from the United States[.]" *Jokinen v. Lake County Bd. of Revision*, 10th Dist. Franklin No. 87AP-713, 1988 WL 24438, *1 (Feb. 25, 1988); *Callison v. Huelsman*, 168 Ohio App.3d 471, 2006-Ohio-4396, ¶ 10. We agree with those decisions and conclude that there is not a genuine issue of material fact regarding whether Mr. Murphy's property is exempt from taxation.

{¶7} Upon review of the record, we conclude that the trial court did not violate Mr. Murphy's constitutional or statutory rights and properly granted summary judgment to the Treasurer. Mr. Murphy's assignment of error is overruled.

III.

{¶8} Mr. Murphy's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

BRADY MURPHY, pro se, Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and BARBARA E. BIRO, Assistant Prosecuting Attorney, for Appellee.