[Cite as *Robinson v. Judge Page*, 2026-Ohio-1468.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sterling Robinson, | : | |
| Relator, | : | |
| | : | No. 25AP-827 |
| v. | : | (REGULAR CALENDAR) |
| Judge Jaiza N. Page, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on April 23, 2026

**On brief:** *Sterling Robinson*, pro se.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Krista R. Mason*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

EDELSTEIN, J.

{¶ 1} Relator, Sterling Robinson, initiated this original action requesting this court issue a writ of mandamus ordering respondent, The Honorable Judge Jaiza N. Page, to vacate the judgment of his conviction. Judge Page filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief may be granted.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined Mr. Robinson failed to articulate either a clear legal right to have his criminal sentence declared void and

vacated or a clear legal duty on the part of Judge Page to grant such relief. Thus, the magistrate recommends we grant Judge Page's motion to dismiss.

{¶ 3}  Mr. Robinson filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

## I. Background

{¶ 4}  As set forth more fully in the magistrate's decision, Mr. Robinson is incarcerated at Richland Correctional Institution. In Franklin C.P. No. 18CR-5371, Mr. Robinson was found guilty by a jury of trafficking in cocaine and sentenced to 11 years in prison.[1] Mr. Robinson filed a direct appeal, and this court affirmed his conviction and sentence. Subsequently, Mr. Robinson filed a common law motion to vacate a void judgment, arguing the absence of his consent rendered the judgment void. While that motion was pending in the trial court, Mr. Robinson also filed a complaint for a writ of prohibition, and this court dismissed the petition on September 10, 2024.

{¶ 5}  On October 15, 2025, Mr. Robinson filed the instant complaint for a writ of mandamus. Mr. Robinson argued in his complaint that he did not consent to the "consent judgment" entered in his criminal case and requests this court issue a writ of mandamus ordering Judge Page to "void and vacate the judgment order against" him. (Compl. at 2, 17.) Judge Page responded to the complaint with a motion to dismiss arguing Mr. Robinson failed to state a claim upon which relief can be granted.

{¶ 6}  The magistrate determined Mr. Robinson failed to state a claim upon which relief can be granted because he did not articulate a clear legal right to have his criminal sentence declared void and vacated or a clear legal duty on the part of Judge Page to vacate the judgment entry. (Appended Mag.'s Decision at ¶ 30-32.) The magistrate noted that although Mr. Robinson purported to have withdrawn his consent to be subject to the trial court's jurisdiction, a criminal judgment is neither a consent order nor a consent judgment, and the court's subject-matter jurisdiction over the criminal matter did not depend on Mr. Robinson's consent. (Appended Mag.'s Decision at ¶ 32.)

---

[1] Mr. Robinson identified the relevant underlying criminal case as Franklin C.P. No. 18CR-5371. Though his complaint did not include the details of those criminal proceedings, we take judicial notice of the publicly available records documenting the procedural history of the underlying criminal case. *State ex rel. White v. Aveni*, 2023-Ohio-1549, ¶ 22 (10th Dist.).

{¶ 7} Mr. Robinson filed objections to the magistrate's decision.[2] Mr. Robinson does not challenge the magistrate's recitation of the pertinent facts, but he raises the following four objections to the magistrate's conclusions:

> [I.] The Magistrate did not/does not address the gravamen of the complaint.
>
> [II.] The Magistrate willfully disregarded the gravamen of the complaint and with intent fashioned a conclusory "sovereign citizen / jurisdictional consent" argument that does not have any relevance on the complaint.
>
> [III.] Plain error in regards to the rationale as reflected in the legal conclusion of the Magistrate's decision.
>
> [IV.] The Magistrate's decision is not supported by the law and the evidence (transcript) and can not and should not be accepted with a clear conscience, honesty and justice.

Taken together, these objections assert the magistrate erred in recommending this court grant Judge Page's motion to dismiss.

## II. Law and Analysis

{¶ 8} To be entitled to a writ of mandamus, a relator must establish (1) a clear legal right to the relief prayed for, (2) the respondent is under a clear legal duty to provide the relief, and (3) the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 162-63 (1967); *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). " 'A complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent

---

[2] Mr. Robinson's objections were due no later than January 16, 2026. As Judge Page notes, Mr. Robinson's objections were not filed by the clerk's office until January 20, 2026. Judge Page urges us to reject Mr. Robinson's objections as untimely. However, Mr. Robinson submitted a certified mail receipt purporting to show the clerk of courts received his objections on January 16, 2026 but did not note the objections on the docket until January 20, 2026. (Relator's Feb. 9, 2026 Mot.) Given the discrepancy, we accept as timely filed and will consider the merits of Mr. Robinson's objections to the magistrate's decision.

is given reasonable notice of the claim asserted.' " *Id.* at 548, quoting *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 224 (1979).

{¶ 9} A court may dismiss a complaint seeking a writ of mandamus pursuant to Civ.R. 12(B)(6) if, after all factual allegations are presumed to be true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that the relator could prove no set of facts entitling them to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5; *State ex rel. Conkle v. Sadler*, 2003-Ohio-4124, ¶ 8. A court may take judicial notice of pleadings and orders in related cases without converting a motion to dismiss to a motion for summary judgment. *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8; *State ex rel. Mobley v. O'Donnell*, 2021-Ohio-715, ¶ 9 (10th Dist.); *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 10.

{¶ 10} Mr. Robinson's complaint does not identify a clear legal right to have his conviction vacated or a clear legal duty on the part of Judge Page to vacate the judgment of his conviction. Mr. Robinson alleges Judge Page lacked jurisdiction to enter a judgment of conviction against him. Under Article IV, Section 4(B) of the Ohio Constitution, the courts of common pleas "shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." Additionally, " pursuant to R.C. 2931.03, ' "a common pleas court has subject-matter jurisdiction over felony cases." ' " *State ex rel. Mobarak v. Brown*, 2023-Ohio-436, ¶ 14 (10th Dist.), quoting *State v. Harper*, 2020-Ohio-2913, ¶ 25, quoting *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8; R.C. 2931.03 (courts of common pleas have "original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas"). In the underlying case, the state charged Mr. Robinson with two felony offenses. Accordingly, the trial court had subject-matter jurisdiction over Mr. Robinson's felony case.

{¶ 11} Through his complaint in mandamus and his objections to the magistrate's decision, Mr. Robinson repeatedly states the trial court lacked the "authority," "power," or "jurisdiction" to enter a judgment against him because he withdrew his consent. As the magistrate explained, Mr. Robinson mistakenly conflates the concept of a consent judgment issued in specific cases with the trial court's subject-matter jurisdiction more generally. A criminal defendant need not consent to the proceedings in order to vest the common pleas court with jurisdiction over the matter. *See State v. Gunnell*, 2013-Ohio-

3928, ¶ 5, 10 (10th Dist.) (rejecting the defendant's argument that the trial court lacked subject-matter jurisdiction over the criminal proceedings because the defendant did not give the trial court his consent to proceed). Rather, as explained above, the courts of common pleas have subject-matter jurisdiction over felony criminal cases, including Mr. Robinson's case. Despite his insistence that he withdrew his consent to the proceedings, his lack of consent did not deprive the common pleas court of jurisdiction. We agree with the magistrate that Mr. Robinson does not allege any set of facts demonstrating a clear legal right to have his criminal conviction vacated or a clear legal duty on the part of Judge Page to vacate his conviction.

{¶ 12} Because Mr. Robinson's complaint failed to allege the trial court lacked subject-matter jurisdiction under any viable legal theory, the magistrate correctly determined we must dismiss his complaint for failure to state a claim upon which relief may be granted. Accordingly, we overrule Mr. Robinson's objections to the magistrate's decision.

## III. Disposition

{¶ 13} Following our independent review of the record under Civ.R. 53, we find the magistrate did not err in determining Mr. Robinson failed to state a claim upon which relief may be granted. Accordingly, we adopt the magistrate's findings of fact and conclusions of law and overrule Mr. Robinson's four objections to the magistrate's decision. For the reasons stated herein, we grant Judge Page's motion to dismiss the complaint for a writ of mandamus.

*Objections overruled*; *motion to dismiss granted*;
*action dismissed.*

BEATTY BLUNT and MENTEL, JJ., concur.

————————————

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sterling Robinson, | : | |
| Relator, | : | |
| v. | : | No. 25AP-827 |
| Judge Jaiza N. Page, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 19, 2025

*Sterling Robinson*, pro se.

*Shayla D. Favor*, Prosecuting Attorney, and *Krista R. Mason*, for respondent.

IN MANDAMUS ON
RESPONDENT'S MOTION TO DISMISS

{¶ 14} Relator Sterling Robinson has filed a complaint for a writ of mandamus, naming as respondent the Honorable Jaiza N. Page, a public official serving as judge of the Franklin County Court of Common Pleas. Respondent has filed a motion to dismiss for failure to state a claim upon which relief can be granted. For the reasons set forth below, the magistrate recommends granting the motion to dismiss.

**I. Findings of Fact**

{¶ 15} 1. Relator commenced this original action with the filing of his complaint for a writ of mandamus on October 15, 2025.

{¶ 16} 2. As set forth in relator's complaint, relator is an inmate incarcerated at Richland Correctional Institution in Mansfield, Ohio.

{¶ 17} 3. In his complaint, relator makes allegations regarding Franklin C.P. No. 18CR-5371 (hereinafter "the underlying case"), a criminal case over which respondent allegedly presided. Relator also refers to exhibits attached to the complaint that purportedly reflect a transcript and a judgment entry from the underlying case. As reflected in the purported judgment entry attached to relator's complaint, relator was convicted, pursuant to a jury verdict, and sentenced by respondent.

{¶ 18} 4. Relator alleges that "during the sentencing hearing and prior to the Respondent (judge) entry of the consent judgment, Relator gave the Respondent during allocution, appropriate notice of the Actual Absent of Consent." (Sic passim.) (Compl. at 11.)[3] Relator, making reference to the purported transcript attached to the complaint, alleges that he made the following pronouncement during allocution:

> I am canceling the conviction of all appearances on my part and now cancel any and all contracts entered into by me knowing or unknowingly by any methods including but not limited to verbal, by assent, consent, presumption, assumption, deception, threat, duress, coercion or fraud. I do not accept any offer nor consent to have my body seized or used by anyone or their agent for their own use or for the benefit of another. I do not accept any offer, nor do I consent to probation, parole, post or prerelease or any other form of supervision imposed in this matter or in causation with this matter.

(Compl. at 11.)

{¶ 19} 5. Relator claims that the August 17, 2019 sentencing hearing demonstrates that respondent's "judgment was an irregularity in its procurement and beyond the power of the court after one party withdrew consent." (Emphasis removed.) (Compl. at 9.) Relator asserts that respondent's "act of rendering the 'consent judgment' after one party withdrew consent, was an irregularity in its procurement, exceeded its authority, and was against the law." *Id.* at 4.

{¶ 20} 6. Relator asserts that "[t]here is no dispute that Respondent issued the void judgment and as a result, has a clear obligated duty for taking remedial action on the apparent irregularity and exceeding of authority." (Compl. at 15.) Relator further asserts he

---

[3] As relator's complaint includes paragraph numbers for some but not all of its contents, all references to the complaint in this decision are to page numbers.

has no adequate remedy at law "as Relator is not able to address this issue through appeal, post-conviction petition, or any other non-extraordinary remedy." *Id*. at 16.

{¶ 21} 7. Relator requests the issuance of a writ of mandamus ordering respondent to (1) "void and vacate the judgment order against Relator, in conjunction with all its findings of facts." (Compl. at 17.) In the alternative, relator requests an alternative writ. Relator also requests any other relief to which he may be entitled.

{¶ 22} 8. Along with his complaint, relator filed an affidavit of verity, an affidavit of civil filings, and an affidavit of indigency and request for waiver of prepayment of filing fees.

{¶ 23} 9. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on November 13, 2025.

{¶ 24} 10. Relator filed a memorandum in opposition to the motion to dismiss on November 25, 2025.

## II. Discussion and Conclusions of Law

{¶ 25} Relator requests a writ of mandamus ordering respondent to vacate a judgment in the underlying case. Respondent has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

### A. Purpose of and Requirements for Mandamus

{¶ 26} A writ of mandamus is an extraordinary remedy " 'issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty.' " *State ex rel. Russell v. Klatt*, 2020-Ohio-875, ¶ 7, quoting R.C. 2731.01. *See State ex rel. Blachere v. Tyack*, 2023-Ohio-781, ¶ 13 (10th Dist.) (stating that the purpose of mandamus is to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, trust, or station). In order for a writ of mandamus to issue in this matter, relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondent to provide it, and (3) the absence of an adequate remedy in the ordinary course of the law. *State ex rel. Gil-Llamas v. Hardin*, 2021-Ohio-1508, ¶ 19.

### B. Standard for a Motion to Dismiss for Failure to State a Claim

{¶ 27} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint. *See State ex rel. Hanson v.*

*Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). When ruling on a Civ.R. 12(B)(6) motion, a court is permitted to consider certain "documents attached to or incorporated into the complaint." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8. *See* Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes.").

{¶ 28} A court reviewing the sufficiency of a complaint in resolving a Civ.R. 12(B)(6) motion must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Despite this presumption regarding factual allegations, "unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12. Thus, dismissal of a mandamus action under Civ.R. 12(B)(6) is warranted if, after presuming all factual allegations in the complaint to be true and drawing all reasonable inferences in the relator's favor, it appears beyond doubt that the relator can prove no set of facts entitling the relator to recovery. *State ex rel. A.N. v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-2071, ¶ 8. Stated another way, " '[a] complaint in mandamus states a claim if it alleges the existence of the legal duty and the want of an adequate remedy at law with sufficient particularity so that the respondent is given reasonable notice of the claim asserted.' " *Hanson* at ¶ 10, quoting *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 224 (1979).

## C. Relator Has Failed to State a Claim in Mandamus

{¶ 29} Respondent asserts relator's complaint must be dismissed under Civ.R. 12(B)(6) for multiple reasons. First, respondent asserts that relator's claim is barred by res judicata. Res judicata is an affirmative defense. Civ.R. 8(C). As such, it cannot serve as a basis for dismissal for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6). *See State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 2021-Ohio-3662, ¶ 10 (stating that "res judicata is an affirmative defense that is not a proper basis for dismissal for failure to state a claim upon which relief can be granted"); *State ex rel. Green v. Wetzel*, 2019-Ohio-4228, ¶ 6 (finding it was error to dismiss a mandamus complaint pursuant to Civ.R. 12(B) on res judicata grounds).

{¶ 30} Second, respondent asserts that relator has not articulated a clear legal right to have his criminal sentence declared void and vacated, or a clear legal duty on the part of respondent to vacate relator's criminal sentence or to issue a criminal sentence to which relator consents. In his complaint, relator provides numerous citations to legal authorities on the matter of consent judgments and asserts that respondent's act of rendering judgment in the underlying case after relator withdrew consent was in excess of respondent's authority and void. Relator asserts that mandamus is a proper remedy where a case is outside the exercise of the discretion of the inferior court, and is one of irregularity, against law, of flagrant injustice, or without jurisdiction. (Compl. at 14.)

{¶ 31} It has been held that "[i]f a court patently and unambiguously lacks jurisdiction, mandamus relief could lie regardless of the availability of an adequate remedy in the ordinary course of the law." *Furr v. Ruehlman*, 2023-Ohio-481, ¶ 9. Article IV, Section 4(B) of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." Thus, a court of common pleas is "a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.' " *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891). Jurisdiction provided by law as pertaining to criminal matters is found in R.C. 2931.03, which "grant[s] the courts of common pleas 'original jurisdiction [over] all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas.' " *State ex rel. Mobarak v. Brown*, 2024-Ohio-221, ¶ 7, quoting R.C. 2931.03.

{¶ 32} Relator asserts that his criminal judgment is void because "a substantial body of authority recognizes that a court cannot enter a valid consent order without the parties' consent." (Memo in Opp. at 4.) But a criminal judgment is not a "consent order" or a consent judgment. *See generally Schmitt v. Ward*, 2018-Ohio-1043, ¶ 4 (9th Dist.) ("A consent judgment is an agreement between parties which meets with the approval of the court, and in the absence of fraud, a judgment rendered with the consent of the parties is binding and conclusive between the parties."). Courts, including this Court, have recognized that a criminal defendant's consent is irrelevant to the question of a court's jurisdiction. *See Sullivan v. Monument Homes, Inc.*, 2020-Ohio-2846, ¶ 25 (10th Dist.)

("This and other Ohio courts have also rejected claims by criminal defendants that their purported status as sovereign citizens divest state courts of jurisdiction absent consent."); *State v. Gunnell*, 2013-Ohio-3928, ¶ 5 (10th Dist.) (rejecting criminal defendant's argument on appeal that trial court lacked subject-matter and personal jurisdiction with respect to his conviction because the defendant "never gave the trial court 'consent to proceed' with a trial against him"); *State v. Matthews*, 2016-Ohio-5055, ¶ 5 (2d Dist.) (stating that "consent is unnecessary and irrelevant to a court's jurisdiction"); *State v. Labiaux*, 2017-Ohio-7760, ¶ 15 (7th Dist.); *see also Furr* at ¶ 10 (stating that "no 'contract' between the criminal defendant and the prosecuting jurisdiction is necessary for a trial court to obtain personal jurisdiction over the defendant"); *State v. Flynt*, 44 Ohio App.2d 315, 317 (1st Dist. 1975) ("Since jurisdiction of subject matter is fixed by law, the consent of the defendant cannot create such jurisdiction and even a plea of guilty cannot do so."). Consistent with this authority, relator's assertions regarding the necessity of his consent in the underlying case are baseless and not cognizable in mandamus. *See Furr* at ¶ 10. As previously stated, this Court need not presume unsupported legal conclusions to be true for purposes of resolving a motion to dismiss. *See Martre*, 2020-Ohio-4777, at ¶ 12. Therefore, presuming all factual allegations in the complaint to be true and making all reasonable inferences in favor of relator as the nonmoving party, relator has failed to state a claim upon which relief in mandamus can be granted.

## D. Conclusion

{¶ 33} Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted and relator's complaint dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.