DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas arising out of two foreclosure actions which were consolidated by the trial court because they concerned the same parcels of land owned by defendant-appellant, Luttenberger Company. After appellant consented to granting plaintiff-appellee, Wade Kapszukiewicz, Treasurer of Lucas County, Ohio, partial summary judgment on the *Page 2 
portion of appellee's claim that asserted that unpaid taxes were owed on the land parcels at issue, the court proceeded to consider appellee's summary judgment motion on the issue of unpaid assessments, penalties and interest. In the judgment entry from which appellant appeals, the lower court determined that appellant was delinquent in its payment of unpaid taxes, special assessments, penalties and interest in the total amount of $318,213.15. Appellant now challenges that judgment through the following assignment of error:
 {¶ 2} "It was error for the trial [sic] to grant that portion of Plaintiff-Appellee's Motion for Summary Judgment seeking interest and penalties where there is no evidence in the record to support such a finding."
 {¶ 3} On September 10, 2003, appellee filed a complaint in the court below (case No. TF03-1294) seeking foreclosure of three tracts of land encompassing 11 separate tax parcels all owned by appellant Luttenberger Company, aka Luttenberger Company, Inc., aka Luttenberger Co., aka Luttenberger Co, Inc., an Ohio corporation, aka Luttenberger Co., Inc., aka Luttenberger Construction Co., Inc. ("Luttenberger"). That complaint alleged that taxes, assessments, penalties, interest and charges upon the properties had not been paid for more than one year after the lands were certified as delinquent and that the total amount then due, representing taxes, assessments, penalties and interest against the property was $11,554.21. Appellee subsequently filed an amended complaint in case No. TF03-1294 which alleged that the amount then due, *Page 3 
representing taxes, assessments, penalties and interest against the tracts totaled $118,281.01.
 {¶ 4} On March 24, 2004, appellee filed a second complaint in the court below (case No. TF04-1078) seeking foreclosure of another tract of land owned by Luttenberger. Again, the complaint alleged that taxes, assessments, penalties, interest and charges upon the property had not been paid for more than one year after the land was duly certified as delinquent and that the amount then due, representing taxes, assessments, penalties and interest totaled $7,805.51. Thereafter, the lower court consolidated the two cases under case No. TF03-1294.
 {¶ 5} On February 1, 2005, appellee filed a motion for summary judgment in which he asserted that there existed no genuine issue of material fact and that he was entitled to judgment as a matter of law. In particular, appellee submitted that pursuant to R.C. 5721.18(A), the Lucas County Auditor's master list of tax delinquencies was prima facie evidence of the amount and validity of taxes, assessments, penalties and interest due and unpaid in a foreclosure action. Appellee then asserted that the Lucas County Auditor's master list established that as of January 31, 2005, the amount due and owing on the parcels at issue totaled $285,329.28. Attached to appellant's motion for summary judgment was a certified copy of the master list dated September 4, 2002, and the affidavit of Ruth A. Seth, a deputy treasurer in the office of the Treasurer of Lucas County, Ohio. The master list demonstrated that as of September 4, 2002, the total amount due and owing on 11 of the parcels at issue was $ 118,281.01. In her affidavit, *Page 4 
however, Seth listed the amounts due on each parcel at issue as of January 31, 2005, attested that the list was according to the records available at the office of the treasurer, and attested that the amounts were for taxes, assessments, penalties and interest. The total amount due pursuant to Seth's affidavit was $285,329.28.
 {¶ 6} On November 22, 2005, appellee filed an amended motion for summary judgment supported by a certified copy of the master list dated September 8, 2003, and the affidavits of Joseph Beckler and Sue Roesler. Beckler is a deputy treasurer and the director of real estate in the office of the Treasurer of Lucas County, Ohio. Among the duties delegated to him by the Treasurer of Lucas County is the responsibility for collecting real estate taxes, assessments, penalties and interest. In his affidavit, Beckler attested to the amounts due and owing on the parcels at issue for taxes, assessments, penalties and interest as of December 1, 2005. Those amounts totaled $318,213.15. In her affidavit, Roesler stated that she is a deputy auditor and supervisor in tax accounting and that among the duties delegated to her by the Auditor of Lucas County, is the responsibility for data entry on assigning real property valuations. Roesler attested that she had reviewed the complaint in the case herein and had reviewed the records of the parcels at issue. She then stated that as of November 10, 2005, the values of the real property carried on the Auditor's Tax List were correct and accurate as to the parcels at issue in this case. In his amended motion for summary judgment, appellee again asserted that the master list was prima facie evidence of the tax delinquency. Accordingly, appellee requested a summary judgment of foreclosure, a finding that the taxes, *Page 5 
assessments, penalties, interest and charges then due and unpaid totaled $318,213.15, an order that appellee had the first and best lien on the real estate parcels described in the complaint in the amount of the taxes, assessments, penalties, interest and charges due and unpaid, and an order that the real estate be sold without appraisal for not less than $318,213.15.
 {¶ 7} On January 4, 2006, appellant filed a consent to a grant of partial summary judgment to appellee. Appellant consented to a judgment in appellee's favor on that portion of appellee's claim that asserted unpaid taxes were owed on the parcels in question. Appellant, however, continued to challenge appellee's claim with regard to the amount of penalties and interest claimed to be due. Along with its consent, appellant filed a request for production of documents in which it requested that appellee produce an itemization of total taxes claimed due, total interest claimed due, and total penalties claimed due.
 {¶ 8} Subsequently, appellant filed a memorandum in opposition to appellee's motion for summary judgment which addressed the issue of penalties and interest claimed due by appellee. Appellant asserted that although appellee had provided a partial response to appellant's request for calculations of penalties and interest, appellant could not determine from the documents provided whether the penalties and interest claimed due were correct. As such, appellant contended, neither could the trial court ascertain the validity of the claimed penalties and interest. Appellant argued that because R.C. 5721.19(A) required the court to make a finding with respect to each parcel "of the *Page 6 
amount of the taxes, assessments, charges, penalties, and interest, and the costs incurred in the foreclosure proceeding," the court was required to make a specific finding as to each item listed. Appellant asserted that because the court could not make such a finding on the basis of the record before it, summary judgment in favor of appellee on the issue of penalties and interest was inappropriate.
 {¶ 9} On April 21, 2006, the lower court issued a summary judgment in favor of appellee, granting appellee a judgment of foreclosure. The court specifically found from the evidence that there existed no genuine issue of material fact and that appellee was entitled to judgment as a matter of law. From that evidence, the court determined that there was due and owing as of December 1, 2005, the total sum of $318,213.15 for delinquent taxes, special assessments, penalties and interest. The court then listed the total amount due comprising taxes, special assessments, penalties and interest on each parcel. The court did not itemize the taxes, special assessments, penalties and interest due but did find that the special assessments and taxes had been validly levied and duly placed upon the tax list by the Auditor of Lucas County, that all matters necessary to the collection of said taxes, special assessments, penalties and interest had been done and that the taxes, special assessments, penalties and interest were unpaid, past due and delinquent. The court then held that unless appellant paid the amount due within one day of the date of the entry, appellee was entitled to have the delinquent taxes, special assessments, penalties and interest foreclosed and to have the real estate sold at sheriffs sale. *Page 7 
 {¶ 10} In its sole assignment of error, appellant contends that the trial court erred in granting summary judgment to appellee on the portion of appellee's claim seeking interest and penalties on the delinquent taxes because there was no evidence in the record to support such an award.
 {¶ 11} In reviewing a ruling on a summary judgment motion, this court applies the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 12} R.C. 5721.19(A) reads in relevant part: "In its judgment of foreclosure rendered with respect to actions filed pursuant to section5721.18 of the Revised Code, the court shall enter a finding with respect to each parcel of the amount of the taxes, assessments, charges, penalties, and interest, and the costs incurred in the foreclosure proceeding instituted against it, which are due and unpaid." R.C.5721.18 sets forth the procedures to be followed by the county prosecuting attorney in instituting foreclosure proceedings. Under that statute, the county prosecuting attorney institutes foreclosure proceedings upon the delivery of a delinquent land tax certificate or a master list of delinquent tracts to the prosecuting attorney by the county auditor. Paragraph (A) of R.C. 5721.18 provides that in filing the complaint, it is sufficient to allege "that the certificate or master list has been duly filed by the auditor, that the amount of money appearing to *Page 8 
be due and unpaid is due and unpaid, and that there is a lien against the property described in the certificate or master list, without setting forth in the complaint any other or special matter relating to the foreclosure proceeding." The statute then reads: "The certificate or master list filed by the auditor with the prosecuting attorney is prima-facie evidence at the trial of the foreclosure action of the amount and validity of the of the taxes, assessments, charges, penalties, and interest appearing due and unpaid and of their nonpayment." Id.
 {¶ 13} In support of its summary judgment motion, appellee submitted to the court below the master list of the delinquent tracts owned by appellant. The latest copy of that list submitted, however, was dated September 8, 2003. The certification signed by the Lucas County Auditor stated that the amounts in the list were the taxes, assessments, penalties and interest that were then due and that those amounts were delinquent. The amounts listed in that copy of the master list totaled $188,175.58. Appellee, however, further submitted the affidavit Joseph Beckler, the deputy treasurer, who stated the updated amount due based on a review of the records available in the office of the Lucas County Treasurer. This amount totaled $318,213.15. Appellant did not counter this evidence with any evidence per Civ.R. 56(E) that the stated amount was incorrect and not the amount of taxes, assessments, penalties and interest delinquent and due. See Geauga County Treasurer v. Pauer (June 30, 1993), 11th Dist. Nos. 92-G-1722 92-G-1724.
 {¶ 14} Accordingly, the lower court did not err in granting summary judgment in favor of appellee and the sole assignment of error is not well-taken. *Page 9 
 {¶ 15} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR. *Page 1