[Cite as *Butorac v. Osmic*, 2022-Ohio-1722.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| LINDA M. BUTORAC, | **CASE NO. 2022-L-010** |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the<br>Court of Common Pleas |
| HUGH OSMIC, et al., | |
| Defendants-Appellants. | Trial Court No. 2020 CV 000352 |

## **M E M O R A N D U M**
## **O P I N I O N**

Decided: May 23, 2022
Judgment: Appeal dismissed

*Mate Rimac*, Rimac Law, LLC, 228 West Main Street, Ravenna, OH 44266 and *Chad E. Murdock*, P.O. Box 334, Rootstown, OH 44272 (For Plaintiff-Appellee).

*Jeffrey W. Saks* and *Michael B. Pasternak*, 3681 South Green Road, Suite 411, Beachwood, OH 44122 (For Defendant-Appellant, Hugh Osmic).

*Kimberly S. Osmic*, pro se, P.O. Box 1491, Mentor, OH 44061 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Hugh Osmic and Kimberly S. Osmic, appealed the Lake County Court of Common Pleas entry granting the motion for summary judgment filed by appellee, Linda M. Butorac.

{¶2} The docket reveals that appellee filed a three-count complaint against appellants for the fraudulent transfer of real property. Appellee filed a motion for summary judgment. Appellants separately opposed the motion for summary judgment. In a

February 9, 2022 entry, the trial court granted appellee's motion for summary judgment, and entered judgment in favor of appellee and against appellant on all counts. In that entry, the trial court ordered "a hearing on damages [to] be held * * *." Appellants filed this appeal on February 16, 2022. A damages hearing has yet to take place.

{¶3} On March 11, 2022, appellee moved to dismiss the appeal. Appellant, Hugh Osmic, and appellant, Kimberly S. Osmic, both separately filed opposition to the motion. Appellee filed a reply brief in support of her motion to dismiss.

{¶4} Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5} R.C. 2505.02(B) defines a final order as one of the following:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

Case No. 2022-L-010

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} Here, the trial court's February 9, 2022 entry granted appellee's motion for summary judgment and deferred the issue of damages for a later determination.

{¶17} This court has stated that a judgment from "[a] civil proceeding that defers damages for a later determination of an uncertain amount is not a final appealable order because it does not determine the action, prevent a judgment, or affect a substantial right in a special proceeding." *Lacy v. State of Ohio*, 11th Dist. Ashtabula Nos. 2019-A-0030 and 2019-A-0046, 2019-Ohio-2973, ¶ 18.

Case No. 2022-L-010

{¶18} Here, there is no final order since the trial court has not issued a ruling on damages. Thus, the action has not, in effect, been determined nor has a judgment been prevented or a substantial right been affected. Appellants will have a meaningful and effective remedy by way of an appeal after the trial court enters a final order.

{¶19} Based upon the foregoing analysis, appellee's motion to dismiss is hereby granted, and this appeal is dismissed for lack of a final appealable order.

{¶20} Appeal dismissed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

4