[Cite as *Butorac v. Osmic*, 2024-Ohio-1120.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

LINDA M. BUTORAC,

        Plaintiff-Appellee,

    - vs -

HUGH OSMIC, et al.,

        Defendants-Appellants.

CASE NO. 2023-L-067

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 000352

## O P I N I O N

Decided: March 25, 2024
Judgment: Affirmed

*Mate Rimac,* and *Nicholas J. Horrigan*, Harpst Becker LLC, 1559 Corporate Woods Parkway, Suite 250, Uniontown, OH 44685 (For Plaintiff-Appellee).

*Hugh Osmic*, pro se, 5209 Lakeside Avenue, Cleveland, OH 44114 (Defendant-Appellant).

*Kimberly S. Osmic*, pro se, 8380 King Memorial Road, Mentor, OH 44060 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellants, Hugh and Kimberly Osmic (collectively, "appellants"), appeal from the judgment of the Lake County Court of Common Pleas which granted summary judgment in favor of plaintiff-appellee, Linda M. Butorac ("Butorac"), and concluded that appellants were joint and severally liable for the $488,801.00 judgment entry from Cuyahoga County. For the following reasons, we affirm.

{¶2} Butorac and Hugh Osmic ("Hugh") are siblings. They were engaged in separate litigation in Cuyahoga County Case No. CV-17-881894 ("Cuyahoga Case") wherein Butorac sued Hugh for declaratory judgment and tortious interference of a contract.

{¶3} On January 28, 2020, after a jury trial, Butorac obtained judgment against Hugh in the amount of $488,801.00 plus legal fees in the Cuyahoga Case.[1]

{¶4} One month after judgment in that case, Butorac filed the underlying complaint alleging fraudulent transfer of real property pursuant to R.C. 1336.04(A)(1) and (2), and 1336.05(A) against appellants on February 28, 2020. Butorac alleged that prior to the jury trial in the Cuyahoga case, Hugh fraudulently transferred his interest in property owned by appellants by quit claim deed to his wife, Kimberly Osmic ("Kimberly").

{¶5} Butorac sought leave to file her motion for summary judgment on September 9, 2021. The trial court granted the motion and Butorac filed her motion on September 21, 2021. Hugh and Kimberly filed their responses in opposition to the motion on January 7, 2022 and January 19, 2022, respectively.

{¶6} On February 9, 2022, the trial court granted Butorac's motion for summary judgment. The trial court noted that the following facts were not in dispute.

{¶7} In 2011, Hugh and Kimberly jointly owned property located at 8380 King Memorial Road, Kirtland Hills, Ohio with survivorship. In 2017, Butorac, Hugh's sister, filed a complaint for declaratory judgment and tortious interference with a contract against Hugh in Cuyahoga County Case No. CV-17-881894. Less than two weeks before the

---

1. This judgment was affirmed by the Eight District Court of Appeals on June 1, 2023. *Butorac v. Osmic*, 8th Dist. Cuyahoga No. 111777, 2023-Ohio-1812.

scheduled trial, Hugh conveyed his interest in the 8380 King Memorial Road property to Kimberly by quit claim deed for $10.00. At the conclusion of the jury trial in the Cuyahoga County case, the jury found in favor of Butorac and awarded her $488,801.00. The Lake County Auditor's website valued the Property at $650,310.00.

{¶8}     The trial court concluded, in light of the transfer of property interest prior to the jury award in the Cuyahoga case, no genuine issues of material fact existed as to Butorac's claim of fraudulent transfer pursuant to R.C. 1336.04(A)(1). The court below determined that "[Butorac] has demonstrated six of the statutory factors, primarily with admissions, testimony from Kimberly's deposition, and stipulations from Hugh's counsel:

> (1)  The transfer was to an insider - Kimberly, Hugh's wife;
>
> (2) Hugh continued to live in the Property after the transfer;
>
> (4) Before the transfer was made, Hugh had been sued by Plaintiff;
>
> (8) The transfer was made by Quit Claim Deed without consideration;
>
> (9) Hugh became insolvent shortly after the transfer was made; and
>
> (10) The transfer occurred only weeks before a jury found Hugh liable to Plaintiff for almost $500,000.

{¶9}     Hugh and Kimberly filed a notice of appeal to this Court. This Court dismissed for lack of a final appealable order and the Supreme Court of Ohio declined jurisdiction. *Butorac v. Osmic*, 11th Dist. Lake No. 2022-L-010, 2022-Ohio-1722, ¶ 4, appeal not allowed, 167 Ohio St.3d 1526, 2022-Ohio-3322, 195 N.E.3d 159.

3

Case No. 2023-L-067

{¶10} While that case was pending before a panel of this Court, Butorac filed a motion for contempt in the Cuyahoga Case for failure to restore title to the 8380 King Memorial Road Property on March 10, 2022.

{¶11} Between March 2022 and May 2023, Hugh filed four separate bankruptcy cases. Three were ultimately dismissed. The fourth bankruptcy filing was filed right before the contempt hearing, which had been rescheduled eight times. Hugh and Kimberly did not appear for the hearing, and the trial court proceeded in their absence.

{¶12} Despite participating throughout the case, Kimberly filed a motion to dismiss alleging a lack of jurisdiction on May 22, 2023. Hugh did not file a similar motion. On May 26, 2023, the trial court denied Kimberly's motion to dismiss for lack of personal jurisdiction and denied her motion for leave to amend her answer for insufficient service. The trial court again ordered the Lake County Recorder to void the quit claim deed that transferred Hugh's interest in his property to Kimberly on December 6, 2019. The court below also concluded that Kimberly and Hugh were jointly and severally liable for the entire $488,801.00 judgment from the Cuyahoga County case plus interest at the statutory rate from February 9, 2020. The trial court did not award attorney fees as Butorac failed to present any evidence of the fees during the hearing. The trial court further denied Butorac's motion for contempt.

{¶13} Kimberly and Hugh timely and separately appeal and raise the following assignments of error:

> [1]. "The trial court erred in failing to dismiss the case on the grounds of lack of proper service given the facts and

4

circumstances pertaining to the instant matter thereby warranting reversal * * *."

[2]. "The [trial] court also failed to preclude the plaintiff from proceeding in the instant matter on the grounds of collateral estoppel."

[3]. "The [trial] court failed to allow the facts disputed in the instant matter to proceed to a trial by jury thereby infringing on the due process rights of appellant."

{¶14} In their first assignments of error, appellants assert that the trial court erred when it failed to dismiss the case on grounds of lack of proper service. We disagree.

{¶15} First, Hugh did not file a motion regarding jurisdiction. Therefore, Hugh cannot raise this assignment of error. Hugh's first assignment of error is not properly before this Court and will not be addressed. Kimberly did file a motion to dismiss, and we will address this assignment of error as it applies to Kimberly.

{¶16} Civ R. 12(B) provides:

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses *shall be made before pleading* if a further pleading is permitted."

{¶17} "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from

5

a motion * * * or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course." Civ. R. 12 (H)(1).

{¶18} The determination of sufficient process is a matter in the sound discretion of the trial court. *Richard v. Ohio Parole Bd.*, 5th Dist. Richland No. 2022 CA 0020, 2022-Ohio-2762, ¶ 14 citing *Michigan Millers Mut. Ins. Co. v. Christian*, ]153 Ohio App.3d 299, 305, 2003-Ohio-2455, 794 N.E.2d 68, 2003-Ohio-2455, at ¶9 (3d Dist.), and *Bell v. Midwestern Educational Serv., Inc.*, 89 Ohio App.3d 193, 203, 624 N.E.2d 196 (2nd Dist.1993).

{¶19} Kimberly did not raise her claim of lack of jurisdiction or insufficiency of service of process as required. Therefore, it was waived.

{¶20} Moreover "[i]f a party fails 'to raise the defense of insufficiency of service of process in a responsive pleading or in certain motions before a responsive pleading[,] * * * then participation in the proceedings leads to waiver of proper service and the existence of personal jurisdiction over the party.'" *Hubiak v. Ohio Family Practice Ctr., Inc.*, 2014-Ohio-3116, 15 N.E.3d 1238, ¶ 14 (9th Dist.).

{¶21} Both appellants acknowledged service and filed an answer without raising the claim of lack of proper service. Kimberly continued to actively participate in the case for nearly three years before raising the claim. As such, this claim was waived, and the trial court did not abuse its discretion when it denied Kimberly's motion to dismiss.

{¶22} Kimberly also argues in this assignment of error that the trial court should have granted leave to file an amended answer wherein she could have raised improper service. Kimberly's motion for leave to amend her answer was filed on May 10, 2023,

6

fifteen months after summary judgment was granted in favor of Butorac. The trial court did not err or otherwise abuse its discretion in denying leave to amend at that stage of the proceedings. Kimberly's first assignment of error is without merit.

{¶23} In their second assignments of error, appellants allege that the trial court erred when it failed to preclude Butorac from proceeding due to collateral estoppel. Specifically, appellants argue that property was subject to divorce proceedings in Cuyahoga County.

{¶24} "Collateral estoppel or issue preclusion 'precludes the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action.'" *Knoefel v. Connick*, 2017-Ohio-5642, 94 N.E.3d 17, ¶ 14 (11th Dist.) quoting *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). "The '[a]pplication of the doctrine of res judicata/collateral estoppel to a particular issue is a question of law' and 'reviewed under a de novo standard of review.'" *Knoefel* at ¶ 16, quoting *State v. Hill*, 177 Ohio App.3d 171, 2008-Ohio-3509, 894 N.E.2d 108, ¶ 37 (11th Dist.).

{¶25} It is unclear from the record before this court and from the briefing of appellants what divorce proceedings they are referencing. Further, it is also unclear how those proceedings preclude a judgment in the underlying case.

{¶26} There is no requirement that there was a final order prior to Butorac filing the underlying action. R.C. 1336.04(B)(4) simply requires that a transfer was made after the debtor had been sued or threatened with suit. *Langaa v. Pauer*, 11th Dist. Geauga No. 2004-G-2602, 2005-Ohio-6296, ¶ 43. As such, the trial court did not err by failing to

7

dismiss the underlying case on the grounds of collateral estoppel. The second assignment of error, as alleged by appellants, is without merit.

{¶27} Finally, appellants assign error to the trial court's entry granting Butorac's motion for summary judgment.

{¶28} "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law,' i.e., when 'reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.' Civ.R. 56(C)." *Ellis v. Skinner*, 2023-Ohio-2032, 218 N.E.3d 197, ¶ 13 (11th Dist.). We review summary judgment de novo. *Fradette v. Gold*, 157 Ohio St.3d 13, 2019-Ohio-1959, 131 N.E.3d 12, ¶ 6. "'A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision.'" *Ellis* at ¶ 13, citing *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

{¶29} Butorac filed a complaint for fraudulent transfer pursuant to R.C. 1336.04(A)(1) and (A)(2) and R.C. 1336.05(A).

{¶30} R.C. 1336.04 provides in relevant part:

> (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;

8

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:

(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

(b) The debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

{¶31} Subsection (B) lists eleven factors that the trial court should consider when determining actual intent. These factors include:

(1) Whether the transfer or obligation was to an insider;

(2) Whether the debtor retained possession or control of the property transferred after the transfer;

(3) Whether the transfer or obligation was disclosed or concealed;

(4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;

(5) Whether the transfer was of substantially all of the assets of the debtor;

(6) Whether the debtor absconded;

(7) Whether the debtor removed or concealed assets;

(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

9

Case No. 2023-L-067

(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;

(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

**{¶32}** The trial court concluded that Butorac had "demonstrated six of the statutory factors [or badges of fraud], primarily with admissions, testimony from Kimberly's deposition, and stipulations from Hugh's counsel." Specifically, the trial court found the transfer was to an insider (Kimberly, Hugh's wife); Hugh continued to live at the property after the transfer; Hugh was sued by Butorac prior to the transfer; the transfer was made without consideration via quit claim deed; Hugh became insolvent after the transfer; and the transfer occurred weeks after the jury in the Cuyahoga Case found Hugh liable to Butorac for nearly $500,000. We conclude that Butorac demonstrated a sufficient number of badges of fraud.

**{¶33}** "'If the party alleging fraud is able to demonstrate a sufficient number of badges, the burden of proof then shifts to defendant to prove that the transfer was not fraudulent.'" *Langaa* at ¶ 46, quoting *Baker & Sons Equip. Co. v. GSO Equip. Leasing, Inc.*, 87 Ohio App.3d 644, 650, 622 N.E.2d 1113 (10th Dist.1993). Neither Hugh nor Kimberly produced any evidence that the transfer was not fraudulent. In the court below, appellants argued that the transfer of the property from Hugh to Kimberly did not render Hugh insolvent. The trial court was not persuaded. Specifically, the trial court noted that Hugh has been unable to work due to health problems, that he has continuing medical bills, and that the Cuyahoga Case judgment was due and owing. This evidence, among others, demonstrates Hugh's insolvency. Further, neither Hugh nor Kimberly offered any additional evidence regarding Hugh's financial situation, despite opportunity to do so.

10

Case No. 2023-L-067

**{¶34}** R.C. 1336.05(A) provides:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

**{¶35}** As noted above, the transfer was made well after Butorac initiated her suit in the Cuyahoga Case and weeks before Butorac was awarded judgment in her favor against Hugh. The transfer was made via quit claim deed without consideration satisfying the requirements of R.C. 1336.05(A).

**{¶36}** In their briefing, appellants also argue that that trial court was divested of jurisdiction to grant the summary judgment motion as the property in question was subject to additional litigation in Cuyahoga County. It is unclear if appellants are referring to the unknown divorce proceedings alleged in their second assignment of error or if they are referencing the jury verdict in Cuyahoga County Case No. CV-17-881894 (the "Cuyahoga Case") finding in favor of Butorac. The judgment in the Cuyahoga Case was affirmed by the Eighth District Court of Appeals. *Butorac*, 2023-Ohio-1812, ¶ 68. It is unclear how either case would preclude the trial court from proceeding on the motion for summary judgment on the fraudulent transfer.

**{¶37}** As such, the trial court did not err when it concluded that no genuine issues of material fact exist and that Butorac was entitled to judgment as a matter of law. In other words, the trial court correctly determined that the conveyance of property was fraudulent pursuant to R.C. 1336.05. Appellants' third assignment of error is without merit.

11

Case No. 2023-L-067

{¶38} For the reasons set forth above, the judgment of the Lake County Court of Common Pleas is hereby affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.