[Cite as *Butorac v. Osmic*, 2025-Ohio-709.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| LINDA M. BUTORAC, | CASE NO. 2024-L-056 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| HUGH OSMIC, et al., | |
| Defendant-Appellant. | Trial Court No. 2020 CV 000352 |

# **O P I N I O N**

Decided: March 3, 2025
Judgment: Affirmed

*Mate Rimac* and *Nicholas J. Horrigan*, Harpst Becker, LLC, 1559 Corporate Woods Parkway, Suite 250, Uniontown, OH 44685 (For Plaintiff-Appellee).

*Hugh Osmic*, pro se, 5209 Lakeside Avenue, Cleveland, OH 44114 (Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1}   Defendant-appellant, Hugh Osmic ("Osmic") appeals the judgment of the Lake County Court of Common Pleas denying his motion to vacate. Osmic sought to vacate the trial court's entry granting summary judgment in favor of plaintiff-appellee, Linda M. Butorac ("Butorac"), and finding Osmic and his wife were joint and severally liable for the $488,801.00 judgment from Cuyahoga County. For the following reasons, we affirm.

{¶2}   Butorac and Osmic are siblings. They were engaged in separate litigation in Cuyahoga County Case No. CV-17-881894 ("Cuyahoga Case") wherein Butorac sued

Osmic for declaratory judgment and tortious interference of a contract. After a jury trial, on January 28, 2020, Butorac obtained judgment against Osmic in the amount of $488,801.00 plus legal fees in the Cuyahoga Case.[1]

{¶3} On February 28, 2020, a month after judgment in the Cuyahoga Case, Butorac filed the underlying complaint alleging fraudulent transfer of real property pursuant to R.C. 1336.04(A)(1) and (2), and 1336.05(A) against Osmic, and his wife, Kimberly.

{¶4} On February 9, 2022, the trial court granted Butorac's motion for summary judgment. The trial court concluded, in light of the transfer of property interest prior to the jury award in the Cuyahoga Case, no genuine issues of material fact existed as to Butorac's claim of fraudulent transfer pursuant to R.C. 1336.04(A)(1).

{¶5} Osmic and Kimberly filed a notice of appeal to this Court. The appeal was dismissed for lack of a final appealable order. *Butorac v. Osmic*, 2022-Ohio-1722, ¶ 4 (11th Dist.). The Supreme Court of Ohio declined jurisdiction. *Butorac v. Osmic*, 2022-Ohio-3322.

{¶6} On May 22, 2023, Kimberly filed a motion to dismiss. Four days later, on May 26, 2023, the trial court denied Kimberly's motion to dismiss and denied her motion for leave to amend her answer for insufficient service. The trial court again ordered the Lake County Recorder to void the quit claim deed that transferred Hugh's interest in his property to Kimberly on December 6, 2019. The court below also concluded that Kimberly and Osmic were jointly and severally liable for the entire $488,801.00 judgment from the

---

1. The judgment in the Cuyahoga Case was affirmed by the Eighth District Court of Appeals. *Butorac*, 2023-Ohio-1812, ¶ 68 (8th Dist.).

Case No. 2024-L-056

Cuyahoga County case plus interest at the statutory rate from February 9, 2020. At the time, the trial court did not award attorney fees as Butorac failed to present any evidence of the fees during the hearing.

{¶7} Osmic and Kimberly appealed and argued that the trial court erred in denying Kimberly's motion to dismiss and by granting Butorac's motion for summary judgment. This Court affirmed the trial court's decision on March 25, 2024. *Butorac v. Osmic*, 2024-Ohio-1120, ¶ 38 (11th Dist.). The Osmics sought reconsideration of that decision pursuant to App.R. 26(A). Osmic's application was overruled on April 29, 2024.

{¶8} On July 15, 2024, Osmic filed a motion to vacate void judgment on the grounds that his complaint contained a jury demand. The trial court denied the motion the next day.

{¶9} Osmic timely appeals this decision and raises a single assignment of error for review:

> Trial Court erred in not granting the Appellants Motion to vacate or provide relief. The Motion, filed by Appellant was based on the Jurisprudence of a Summary Judgement, which did not dispose of all genuine issues, therefore the remaining genuine issue of damages were to be determined by a jury as demanded by both defendants. The Lower Court Order states that all Genuine issues were determined, therefore a jury trial would violate Res Judicata.

{¶10} Osmic alleges that the trial court's judgment granting summary judgment and awarding damages on Butorac's claim is void because the trial court did not hold a jury trial as requested. We disagree.

{¶11} "A trial court's denial of a common law motion to vacate is reviewed under an abuse of discretion standard." *Wells Fargo Bank, N.A. v. Henry*, 2014-Ohio-3768, ¶ 13 (11th Dist.), citing *Aurora Loan Services, LLC v. Cart,* 2011-Ohio-2450, ¶ 18 (11th

3

Dist.). A trial court does not infringe upon a right to trial by jury when granting summary judgment. *Godale v. Chester Tp. Bd. of Trustees*, 2005-Ohio-2521, ¶ 50 (11th Dist.), citing *Security Natl. Bank and Trust Co. v. Jones*, 2001-Ohio-1534 (11th Dist.); *Houk v. Ross* 34 Ohio St.2d 77, 83-84 (1973).

{¶12} In a similar case, where summary judgment was appropriately granted and the appellant contended that the right to trial by jury was violated, the Supreme Court of Ohio observed:

> Obviously, if it appears that a dispute exists as to any fact material to the issue being litigated, an entry of summary judgment against either party would clearly be erroneous, and constitute a denial of the right to a jury trial on that issue. In like manner, if both parties have had the opportunity to present the evidence permitted under the federal rule as to every fact or issue material to the litigation, and it appears to the court, after construing the evidence strictly against both parties, that no genuine issues exist and that the nonmovant is entitled to judgment, then both parties' 'due process' rights will be satisfied by the expediency of entry of summary judgment against the movant.

*Houk*, at 83-84.

{¶13} "A litigant is not denied due process or the right to a jury trial when a judgment is properly entered against him in accordance with Civ.R. 56. ' "[T]he right to a jury trial is only enforceable where there are factual issues to be tried, and the proper entry of summary judgment does not violate an individual's right to a jury trial." ' " *Truist Bank v. Eichenberger,* 2023-Ohio-779, ¶ 31 (10th Dist.), quoting *State v. West*, 2022-Ohio-2060, ¶ 34 (2nd Dist.); *Natl. Collegiate Student Loan Trust 2005-3 v. Dunlap*, 2018-Ohio-2701, ¶ 48 (4th Dist.).

{¶14} As noted above, the trial court determined that no genuine issues of material fact remained on Butorac's claim for fraudulent transfer of real property pursuant to R.C.

4

1336.04(A)(1) and (2), and 1336.05(A). Osmic appealed to this Court and neither Osmic nor Kimberly argued their right to a jury trial on the determination of damages was violated despite opportunity to do so previously.

{¶15} After review, this Court affirmed the trial court's decision which granted summary judgment in favor of Butorac, ordered the title transferring Osmic's interest in real property to his wife to be vacated, and concluded that Osmic and his wife were jointly and severally liable for $488,801.00, the total amount ordered by Cuyahoga County. *Butorac*, 2024-Ohio-1120, at ¶ 38 (11th Dist.). Specifically, this Court determined that "the trial court did not err when it concluded that no genuine issues of material fact exist and that Butorac was entitled to judgment as a matter of law. In other words, the trial court correctly determined that the conveyance of property was fraudulent pursuant to R.C. 1336.05." *Id.* at ¶ 31.

{¶16} Osmic alleges that he was entitled to a jury trial on the calculation of damages. However, a hearing was held to calculate damages and neither Osmic nor his wife appeared for the hearing. The hearing had been rescheduled several times due to "a myriad of delay tactics from" Osmic and his wife, and the trial court proceeded in their absence.

{¶17} Despite Osmic's assertion, his right to a jury trial is not violated where a trial court properly granted summary judgment as the trial court did here. The trial court ordered judgment in the amount determined in the Cuyahoga Case. That amount is not in dispute.

{¶18} As such, Osmic's sole assignment of error is without merit.

5

Case No. 2024-L-056

**{¶19}** The judgment of the Lake County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-L-056