[Cite as *Bursley v. Crisp*, 2025-Ohio-2500.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Huron County Treasurer
Megan Bursley

      Appellee

v.

Jeffrey R. Crisp

      Appellant

Court of Appeals No. H-25-006

Trial Court No. CVE 2024-0349

**DECISION AND JUDGMENT**

Decided:  July 15, 2025

* * * * *

Jeffrey R. Crisp, appellant, pro se.

Jacob J. Stephens, Esq., for appellee.

* * * * *

**MAYLE, J.**

{¶ 1} In this tax foreclosure case, defendant-appellant, Jeffrey Crisp, appeals a judgment of the Huron County Court of Common Pleas granting summary judgment to plaintiff-appellee, Megan Bursley, the Huron County Treasurer.  The trial court determined that there was no genuine issue of material fact; that Crisp was delinquent in

his payment of unpaid taxes, assessments, charges, penalties, and interest in the total amount of $4,413.57; and that Bursley was entitled to judgment as a matter of law. It ordered that the property be sold and Crisp's interest foreclosed unless he paid the total outstanding sum to Bursley within the timeline set forth in the order. Here, Crisp argues that the trial court erred in granting judgment for Bursley. For the following reasons, we affirm.

## I. Background

{¶ 2} This tax foreclosure case concerns the property located at 9 Chatham Street, Norwalk, Ohio, and owned by Crisp. On May 28, 2024, due to Crisp's failure to pay taxes on that property, the Huron County Treasurer filed a complaint for real property tax foreclosure against Crisp, Crisp's unknown spouse, if any, and the State of Ohio Department of Taxation. On June 25, 2024, Crisp sent the court correspondence in which he said that his property had been misclassified for tax purposes, so the resulting debt was invalid. This correspondence was filed by the clerk of courts but not classified as a pleading. On August 26, 2024, the treasurer filed a combined motion for default judgment against Crisp and his unknown spouse and motion for summary judgment against the State of Ohio Department of Taxation. In her motion, Bursley claimed that Crisp had "failed to answer or otherwise defend as required by Rule 12 of the Ohio Rules of Civil Procedure" and thus Bursley was entitled to judgment. On September 16, 2024, Crisp filed a memo opposing the treasurer's motion for default judgment against him on

2.

the grounds that he had filed a reply to the original complaint and that he believed "the very notion" of default judgment was a due process violation.

{¶ 3} On September 19, 2024, at a non-oral hearing, the trial court entered judgment and a decree of foreclosure and order of sale. The court granted judgment for the treasurer in the amount of $4,122.05 "for accrued and delinquent taxes, assessments, charges, and penalties, plus interest and for all costs incurred herein." Additionally, the court ordered that unless Crisp fully paid within three days of the date of filing of the judgment, his equity of redemption in the property would be foreclosed, the property sold, and the proceeds of the sale distributed to the parties in the order of their priority. However, on September 30, 2024, during a conference call attended by both parties and the court, Crisp raised the issue of his previous correspondence not being classified as a pleading. Consequently, the court vacated the default judgment against Crisp.

{¶ 4} On November 18, 2024, Bursley filed a motion for summary judgment against Crisp and the court scheduled a non-oral hearing on the motion. On December 3, 2024, Crisp filed an opposition to the motion for default judgment, a request for an evidentiary hearing, and a memo in support. In his memo, Crisp argued that he should not have to pay taxes because the Ohio Constitution contains the right to property and Supreme Court precedent says that citizens do not need to pay a fee to engage in their rights. On January 9, 2025, the court granted the treasurer's motion for summary judgment, granted the treasurer judgment in the amount of $4,413.57, and entered a decree of foreclosure.

3.

**{¶ 5}** Crisp appealed, raising one assignment of error for our review:

> The Huron County Court of Common Pleas errored in its judgement by ignoring the language stated in the ORC 5709.01 which makes clear that taxable property includes "All personal property located and used in business in this state", as my personal domicile is where I live, eat, and sleep, and is not a business nor is it connected to a business. No proof has ever been offered that it is a business. In addition, the Huron County Court of Common Pleas egregiously ignored the due process clause of the 5th amendment, effectively "signing away" my private property with the stroke of a pen ("default judgement"), denying me a fair trial.

## II. Law and Analysis

**{¶ 6}** We review summary judgment de novo, using the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996); *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129 (9th Dist. 1989). The court can grant a motion for summary judgment only when the moving party demonstrates:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978); Civ.R. 56(C).

**{¶ 7}** The party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. When a properly supported motion for summary judgment is made, an adverse party may not rest

4.

on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79 (1984). The opposing party must do so using "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact . . . ." Civ.R. 56(C). A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304 (6th Dist. 1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827 (8th Dist. 1996), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

{¶ 8} In his brief, Crisp makes two arguments. First, Crisp argues that his property is not subject to taxation due to the Ohio Revised Code, which says that "[a]ll personal property located and used in business in this state" is subject to taxation. R.C. 5709.01(B)(1). Crisp believes that the property in question should be classified as personal property not used in business, and therefore it should not be subject to taxation.

{¶ 9} In response, Bursley argues that Crisp's property is subject to taxation under R.C. 5709.01(A), which says that "[a]ll real property in this state is subject to taxation, except only such as is expressly exempted therefrom."

{¶ 10} To properly classify Crisp's property, we must interpret the Ohio Revised Code. In interpreting any statute, we place importance on statutory definitions over common or dictionary definitions. As noted in *Diller v. Diller*, 2021-Ohio-4252, ¶ 32 (3d Dist.):

5.

When determining the plain meaning of a statute, courts must rely on legislative definitions because a definition by the average man or even by the ordinary dictionary with its studied enumeration of subtle shades of meaning is not a substitute for the definition set before us by the lawmakers with instructions to apply it to the exclusion of all others.

(Cleaned up.) R.C. 5701.02(A) defines real property as "land itself" and "all buildings, structures, improvements, and fixtures of whatever kind on the land, and all rights and privileges belonging or appertaining thereto." R.C. 5701.03(A) defines personal property as "every tangible thing that is the subject of ownership . . . and that does not constitute real property as defined in section 5701.02 of the Revised Code."

{¶ 11} Here, Crisp's property is clearly a parcel of land and the home atop the land, as indicated by its address, Crisp's own brief, which refers to the property as a "domicile," and Bursley's affidavit, which includes the property's permanent parcel number. *JJO Constr., Inc. v. Penrod*, 2010-Ohio-2601, ¶ 19 (8th Dist.) ("A 'permanent parcel number' is a sequential number assigned to real and public utility property parcels . . . ."); *see also* R.C. 319.28(B). As "land itself" and "buildings . . . appertaining thereto" are statutorily defined as real property under R.C. 5701.02(A), Crisp's property is real property. And as "[a]ll real property in this state is subject to taxation, except only such as is expressly exempted therefrom," Crisp's property is subject to taxation under Ohio law. R.C. 5709.01(A); *see also Callison v. Huelsman*, 2006-Ohio-4395, ¶ 10 (2d Dist.), quoting *Jokinen v. Lake Cty. Bd. of Revision*, 1988 WL 24438 (10th Dist. Feb. 25, 1988) ("'Appellant, by virtue of owning property located in the state of Ohio, is subject to taxes passed pursuant to R.C. 5709.01.'").

6.

{¶ 12} Second, Crisp argues that his due process rights were violated because the trial court entered default judgment against him and denied him a jury trial. In support of this argument, he cites the right against unreasonable searches and seizures in the Fourth Amendment to the United States Constitution, the right to due process in the Fifth Amendment to the United States Constitution, and art. I, § 1 of the Ohio Constitution.

{¶ 13} In response, Bursley argues that in civil proceedings, due process requires notice and a meaningful opportunity to be heard. Crisp was given adequate notice of the non-oral hearing, which gave him time to submit evidence and arguments. He had a meaningful opportunity to be heard either informally during conference calls or formally through motion practice, but he failed to present any additional or credible evidence to support his arguments against taxation. Therefore, Crisp received both necessary components of due process. Additionally, Crisp failed to present evidence that the trial court's non-oral hearing was a violation of his due process rights.

{¶ 14} In a real estate foreclosure action brought by a county treasurer and based on unpaid taxes, assessments, charges, penalties, and interest, the treasurer may establish a prima facie case by submitting the county auditor's master list of tax delinquency. R.C 5721.18(A). Once the treasurer has established a prima facie case and moved for summary judgment, the property owner must set forth specific facts showing that there is a genuine issue for trial, or else the treasurer is entitled to summary judgment. Civ.R. 56(E).

7.

{¶ 15} The facts in this case are similar to those in *Kapszukiewicz v. Luttenberger & Co.*, 2007-Ohio-4715 (6th Dist.). In that case, the county treasurer submitted the master list of tax delinquency, along with an affidavit from the deputy treasurer stating the updated amount due. *Id.* at ¶ 13. The property owner did not counter with any evidence that the stated amount was incorrect. *Id.* Because the property owner failed to meet its burden under Civ.R 56, the appellate court affirmed summary judgment in favor of the treasurer. *Id.* at ¶ 15. In this case, the county treasurer, Bursley, submitted the master list of tax delinquency, along with her affidavit stating the updated amount due. The property owner, Crisp, did not counter with any evidence that the stated amount was incorrect. Because Crisp failed to meet his burden under Civ.R. 56, Bursley was entitled to summary judgment against him.

{¶ 16} Crisp claims that the trial court cannot use default judgment to deprive any person of property, as that would violate their constitutional right to due process. Crisp's argument ignores the facts that the trial court vacated the default judgment against him when it realized that he had responded to the complaint, and that it ultimately granted summary judgment against him. Regardless, default judgment is not a per se due process violation. *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) ("Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. A State, can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance . . . ."); *see also Dayton Modulars, Inc. v. Dayton View Cmty. Dev. Corp.*, 2005-Ohio-6257, ¶ 9 (2d Dist.), quoting *Haddad*

8.

*v. English*, 145 Ohio App.3d 598, 603 (9th Dist. 2001) ("'The granting of a default judgment requires the due process guarantee of prior notice . . . .'"); Civ.R. 55(A). Nor is summary judgment a per se due process violation. *Summers & Vargas Co. v. Abboud*, 2010-Ohio-5595, ¶ 19 (8th Dist.) ("it is well-settled that a trial court's proper grant of summary judgment does not violate the constitutional guarantee of due process of law"); *Houk v. Ross*, 34 Ohio St.2d 77, 83-84 (1973); Civ.R. 56(C).

{¶ 17} Crisp also argues that his due process rights have been violated because no jury trial took place. However, "[a] trial court does not infringe upon a right to trial by jury when granting summary judgment." *Butorac v. Osmic*, 2025-Ohio-709, ¶ 11 (11th Dist.), citing *Godale v. Chester Twp. Bd. of Trustees*, 2005-Ohio-2521, ¶ 50 (11th Dist.); and *Houk* at 83-84; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986), quoting Fed.R.Civ.P. 1 ("Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"). Because the trial court properly granted summary judgment against Crisp, it did not violate his due process rights.

{¶ 18} In summary, Bursley made a properly supported motion for summary judgment and Crisp produced no materials controverting any of her evidence. Crisp's arguments in his appellate brief do not present a basis to reverse the trial court's summary judgment. There is no genuine issue of material fact, Bursley is entitled to judgment as a matter of law, and even construing the evidence in favor of Crisp, reasonable minds can

9.

come to but one conclusion: that summary judgment should be granted to Bursley in this tax foreclosure case.

## III. Conclusion

{¶ 19} After reviewing the entire record, we find that the trial court properly granted Bursley a judgment of foreclosure. Therefore, we find that the trial court did not err or violate Crisp's due process rights in granting summary judgment for Bursley. Accordingly, we find that Crisp's assignment of error is not well-taken, and we affirm the January 9, 2025 judgment of the Huron County Court of Common Pleas. Crisp is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See, also,* 6th Dist.Loc.App.R. 4.


| Thomas J. Osowik, J. | |
|---|---|
| | JUDGE |
| Christine E. Mayle, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.